**William JONES, a/k/a Willie Earl Jones, Plaintiff,**

v.

**Emil KONOPNICKI, et al., Defendants.**

**No. 83–723C(3).**

United States District Court, E.D. Missouri, E.D.

Oct. 30, 1984.

---

Doris Black, St. Louis, Mo., for plaintiff.

Bruce D. White, Asst. U.S. Atty., St. Louis, Mo., for defendants.

## MEMORANDUM

HUNGATE, District Judge.

Plaintiff, a black male employee of the Department of the Army, initiated this action pursuant to 42 U.S.C. § 2000e et seq. Plaintiff charges defendants with failure to promote plaintiff because of plaintiff's race and failure to maintain equitable personnel actions of appraisals for black males. The cause came before the Court for nonjury trial on August 23 and 24, 1984. Both parties have filed post-trial findings of fact and conclusions of law.

## FINDINGS OF FACT

1. Plaintiff is a black male whose employment with the United States Department of the Army began in 1963.

2. In October of 1978, the Army posted a vacancy announcement for ten GS–1102–9 Contract Specialist positions, and plaintiff applied for a position as Contract Specialist. A total of fifteen to twenty people applied for these positions.

3. Gwendolyn Williams, a black female personnel staffing specialist, reviewed the applications and determined that two applicants possessed the minimum requirements. Her determination was based on information contained in three forms, none of which listed an applicant's race. Williams testified that she had been unable to ascertain the extent of the plaintiff's specialized experience from the description on his 171 form, and that the plaintiff was not one of the two persons designated as minimally qualified. Williams was not aware of plaintiff's race at that time.

4. The positions were subsequently reannounced as GS 7–opt 9 vacancies, which meant that GS 5 as well as GS 7 employees could apply. A large number of people applied, and plaintiff was one of nineteen applicants selected by Williams as being minimally qualified.

5. A list was prepared of the nineteen minimally qualified applicants. The list, which did not include an indication of the applicants' race, was sent to each of the eight selecting officers.

6. The ten positions were filled by two white males, five black females, and three white females. Plaintiff was not selected for any of the positions; he challenges the appointments of Richard Mulcahy (white male), Alan Schantz (white male), Fannie Taylor (black female), and Judith Mercer (white female).

7. At the time the vacancies were announced, plaintiff was a GS 7 procurement assistant. Plaintiff assisted GS 9 and GS 11 employees in performing some of the duties of contract specialists, including the preparation of solicitations for bids. Plain-

tiff's signature never appeared on these documents; instead, a contract officer signed bids and contracts and was ultimately responsible for them.

8. Plaintiff graduated from Vashon High School in 1951. Plaintiff possesses a certificate of completion from the Muriel Business College of St. Louis, Missouri, which is no longer in existence. He had taken and passed several government courses relating to his employment, including courses on procurement, contract administration, and negotiation.

9. Plaintiff's supervisor had rated him above average on each area set out in the announcement. Except for Taylor, the four persons challenged by plaintiff were rated superior on all elements, as determined by their supervisors. None of plaintiff's supervisors were black.

10. Richard Mulcahy, a white male, was selected by Kenneth Pirrie, who is also a white male. Pirrie based his decision on Mulcahy's experience and the rating from Mulcahy's supervisor. Pirrie did not know either Mulcahy or the plaintiff, nor did he know the race of either man. He did know that Mulcahy had a master's degree in business administration. Nothing in the materials sent to him indicated the race or age of an applicant, and he conducted no interviews. Mulcahy was a GS 5 employee whose procurement experience had been in a different agency.

11. Fannie Taylor, a black female, was selected by Carl Oberle despite having no experience in the procurement division. Oberle had interviewed all nineteen of the minimally qualified applicants. He testified that Taylor came across as adept at negotiating, and that her educational background included a master's degree and numerous government courses. Oberle had known the plaintiff but not Taylor; he remembered plaintiff as having marginal work habits and being a satisfactory worker.

12. Erwin Schoessel, a white male, selected Alan Schantz, a white male, for one of the two openings in his division (he selected a black female for the other posi-

tion). Schantz had previously had procurement responsibilities at the reserve center across the street. Schoessel had not known the plaintiff and did not conduct any interviews. He testified that he had believed Schantz and the black female to be the best-qualified persons for the announced vacancies.

13. Judith Mercer, a white female, was selected by a male officer who did not testify at the trial. According to the plaintiff, Mercer was a procurement assistant at the time of her selection. She had not had procurement responsibilities for as long a period of time as had the plaintiff.

14. The Court finds that all witnesses were credible, but finds a mistake in plaintiff's belief that he was performing GS 9 level work at the time of the position vacancies. Instead, the Court finds that plaintiff was being trained while performing some duties at that level. The Court finds that plaintiff was a competent and satisfactory employee.

## CONCLUSIONS OF LAW

1. The evidence in this case does not support an inference of discrimination based on race and/or sex. The fact that plaintiff's supervisors were white does not by itself support a charge of discriminatory rating, nor is there evidence to support a finding of racial bias in the selection of persons to fill the ten openings in issue here. Accordingly, plaintiff has failed to make out a prima facie case of discrimination by a preponderance of the evidence. *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 252–53, 101 S.Ct. 1089, 1093, 67 L.Ed.2d 207 (1981). At least one of the selecting officers was not even aware of the race of the plaintiff or the applicant selected for the position.

2. Assuming arguendo that plaintiff proved a prima facie case of discrimination, the defendants have articulated legitimate nondiscriminatory reasons for plaintiff's rejection, and plaintiff has failed to show that the reasons were pretextual. Mulcahy and Taylor had advanced degrees,

and Taylor made a more favorable impression during her interview. Schantz and Mercer had both had procurement responsibilities before, and the fact that their responsibilities may not have been as long-standing as plaintiff's, does not negate the validity of their selection.